# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

---

ANGEL SERVILIO TORRES PINEDA,

      Petitioner,

      v.                                  Case No. 1:26-cv-00150 KWR-JHR

WARDEN, *Cibola County Correctional Center,
Immigration and Customs Enforcement,*
TODD M. LYONS, *Acting Director, U.S. Immigration and
Customs Enforcement,*
KRISTI NOEM*, Secretary of the U.S. Department
of Homeland Security*,
PAMELA BONDI, *U.S. Attorney General, and*
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW,

      Respondents.

## ORDER DISMISSING MOTION TO ENFORCE

THIS MATTER comes before the Court on Petitioner's Motion to Enforce (Doc. 9). The Court granted Petitioner's habeas petition and ordered that Respondents hold an individualized bond hearing. Respondents held an individualized bond hearing before an immigration judge, who denied bond or release, finding that Petitioner is a flight risk. Now, Petitioner requests that the Court enforce its judgment and order a new bond hearing.

Petitioner appears to assert that Respondents did not comply with the Court's judgment or violated due process for the following reasons: (1) the immigration judge applied the wrong legal standard or misapplied the *Guerra* standard; (2) the immigration judge considered factors outside

of the *Guerra* factors; and finally, (3) the immigration court system is not independent from Respondents, which violates due process.

The Court concludes that Petitioner challenges the discretionary judgment of the immigration judge, which is barred by 8 U.S.C. § 1226(e). Alternatively, Petitioner has not demonstrated an error, much less an error which violates due process. Therefore, the Motion to Enforce is dismissed without prejudice, or in the alternative denied.

## DISCUSSION

The Court "retains jurisdiction to enforce its lawful judgments, including habeas judgments." *Gall v. Scroggy*, 603 F.3d 346, 352 (6th Cir. 2010); *Burton v. Johnson*, 975 F.2d 690, 693 (10th Cir. 1992) (explaining that district court has authority to enforce its habeas judgment). And the Court has jurisdiction over constitutional challenges to the application of § 1226. *See Demore v. Kim*, 538 U.S. 510, 516–17 (2003) (holding that "Section 1226(e) contains no explicit provision barring habeas review, and . . . its clear text does not bar [a petitioner's] constitutional challenge"); *Jennings v. Rodriguez*, 583 U.S. 281, 295 (2018). But the Court does not have jurisdiction to review an immigration judge's discretionary bond decision. Under § 1226(e), "[n]o court may set aside any action or decision by the Attorney General under [§ 1226] regarding the detention or release of any alien or the grant, revocation, or denial of bond or parole." "This provision precludes the Court from reviewing the IJ's decision that denied bond because Petitioner was a flight risk." *Mwangi v. Terry*, 465 F. App'x 784, 786–87 (10th Cir. 2012) ("Therefore, to the extent Mr. Mwangi challenges the agency's discretionary bond decision, the magistrate judge was correct that the court lacked jurisdiction.").

I.     **Petitioner's due process rights were not violated by the immigration judge's application of the *Guerra* factors or other factors to this case.**

Petitioner asserts that the immigration judge violated his due process rights by improperly applying the *Guerra* factor test set forth by the BIA, or going outside of the *Guerra* factors. The Court initially concludes that it lacks jurisdiction, as Petitioner merely challenges the discretionary judgment of the immigration judge. Alternatively, assuming Petitioner does assert a due process claim, the Court concludes that the immigration judge's application of the legal standard did not violate due process.

### A. The Court lacks jurisdiction.

Petitioner appears to challenge the discretionary judgment of the immigration court by asserting that the immigration judge misapplied the *Guerra* factors or considered matters outside of the *Guerra* factors. Petitioner asserts that he presented evidence that he is not a flight risk. Thus, he appears to challenge the immigration judge's weighing of the evidence and his discretionary judgment. According to Respondents, the Court lacks subject-matter jurisdiction over the Motion because Petitioner asks the Court to review a discretionary decision under § 1226. The Court agrees with Respondents.

Generally, the release or bond decision by an immigration judge involves the weighing of evidence and is discretionary. § 1226(a); *Jennings,* 583 U.S. at 295. Discretionary bond decisions are generally not reviewable. 8 U.S.C. § 1226(e) ("The Attorney General's discretionary judgment regarding the application of this section shall not be subject to review. No court may set aside any action or decision by the Attorney General under this section regarding the detention of any alien or the revocation or denial of bond or parole."). "This provision precludes the Court from reviewing the IJ's decision that denied bond because Petitioner was a flight risk." *Mwangi v. Terry*, 465 F. App'x 784, 786–87 (10th Cir. 2012) ("Therefore, to the extent Mr. Mwangi challenges the agency's discretionary bond decision, the magistrate judge was correct that the court lacked

jurisdiction.") (citing *Demore v. Kim*, 538 U.S. 510, 516–17 (2003)); *Jennings,* 583 U.S. at 295 (explaining that § 1226(e) bars a challenge to a discretionary judgment or decision by the Attorney General regarding detention or release but does not preclude challenges to the statutory framework); *see also Ghanem v. Warden Essex Cnty. Corr. Facility*, No. 21-1908, 2022 WL 574624, at *2 (3d Cir. Feb. 25, 2022) ("Although we lack jurisdiction to review any discretionary determinations underlying the IJ's bond decision…").

Petitioner frames his argument as a due process claim. In reality, it appears he challenges the immigration judge's discretionary decision in weighing the evidence and finding he is a flight risk, which the Court finds is barred by § 1226(e). A number of Tenth Circuit cases have found that challenges cast as due process arguments in fact challenge merely challenge the weighing of factors or evidence .*See, e.g., Kadim v. Holder*, 563 F. App'x 634, 638 (10th Cir. 2014) (finding that due process argument in fact challenged the immigration judge's weighing of the evidence, and court lacked jurisdiction); *Mejia-Cerrano v. Mukasey*, 284 F. App'x 572, 574 (10th Cir. 2008) (claims which are disagreements about balancing of factors that weighed into his discretionary decision, cast as a due process claim, was barred); *Tobar v. Gonzales*, 200 F. App'x 796, 799 (10th Cir. 2006) ("discretionary agency decisions may not be recast as constitutional errors or questions of law so as to invoke our jurisdiction"); *Rodriguez-Ortiz v. Wilkinson*, 844 F. App'x 35, 38 (10th Cir. 2021) ("They are nothing more than another way of contending that the Board weighed the evidence incorrectly and made the wrong discretionary decision, and we lack jurisdiction to review such claims.").[1] Here, Petitioner appears to challenge the immigration judge's weighing of the

---

[1] The Court cites these Tenth Circuit cases to distinguish whether Petitioner is asserting a due process claim or merely challenging the immigration judge's discretionary decision. To be sure, *Wilkinson* held that courts of appeals have jurisdiction over "mixed questions of law and fact" because they "fall within the statutory definition of 'questions of law' in § 1252(a)(2)(D) and are therefore reviewable." *Wilkinson v. Garland*, 601 U.S. 209, 223 (2024).  *Wilkinson* did not,

evidence and factors.  Therefore, Petitioner challenges a discretionary decision by the immigration judge, which is barred by § 1226(e).

**B.     Alternatively, the immigration judge's application of the legal standards did not violate due process.**

Alternatively, assuming that the Court has jurisdiction over Petitioner's challenge, the Court concludes that any alleged misapplication of legal standards did not violate due process.

At the bond redetermination hearing, the immigration judge must consider whether the detainee "is a threat to national security, a danger to the community at large, likely to abscond, or otherwise a poor bail risk." *In Re Guerra*, 24 I. & N. Dec. 37, 40 (B.I.A. 2006).

The immigration judge may also consider various discretionary factors, including:

(1) whether the alien has a fixed address in the United States; (2) the alien's length of residence in the United States; (3) the alien's family ties in the United States, and whether they may entitle the alien to reside permanently in the United States in the future; (4) the alien's employment history; (5) the alien's record of appearance in court; (6) the alien's criminal record, including the extensiveness of criminal activity, the recency of such activity, and the seriousness of the offenses; (7) the alien's history of immigration violations; (8) any attempts by the alien to flee prosecution or otherwise escape from authorities; and (9) the alien's manner of entry to the United States.

*In Re Guerra*, 24 I. & N. Dec. 37, 40 (BIA 2006). The IJ has "broad discretion in deciding the factors that he or she may consider" and "may choose to give greater weight to one factor over others, as long as the decision is reasonable." *Id.* at 40. The burden is on the detainee to demonstrate that release on bond is warranted. *Id.* The BIA case law following *Guerra* has either broadened these factors or taken an expansive view of these factors, allowing the immigration judge to

---

however, expressly apply this rule to the separate question of whether district courts have jurisdiction to reweigh the evidence and decide whether a party is a flight risk under § 1226(e). Here, Petitioner did not assert in his Motion to Enforce that the Court has jurisdiction under *Wilkinson* to reconsider or act as an appellate court over the immigration judge's bond decision under § 1226(e).

consider whether a detainee has a valid or credible sponsor and the immigration status of a sponsor. *See Matter of Dobrotvorskii*, 29 I. & N. Dec. 211, 213 (BIA 2025); *Matter of R-A-V-P-*, 27 I. & N. Dec. 803, 807 (BIA 2020). An immigration judge may also consider a detainee's immigration status and the likelihood that any application for relief will be granted. *Matter of R-A-V-P-*, 27 I. & N. Dec. at 807 (allowing immigration judge to consider a detainee's immigration status and likelihood that an application for relief, such as application for asylum, will be approved).

Petitioner asserts that the immigration judge erred by misapplying legal standards, such as the *Guerra* factors and considering factors outside of *Guerra.* Petitioner did not cite to authority that the *Guerra* factors are exclusive. Rather, "[t]he determination of the Immigration Judge as to custody status or bond may be based upon any information that is available to the Immigration Judge or that is presented to him or her by the alien or Service." 8 C.F.R. § 1003.19(d). "An Immigration Judge has broad discretion in deciding the factors that he or she may consider in custody redeterminations." *In re Guerra*, 24 I&N Dec. 37, 40 (BIA 2006). "The Immigration Judge is in the best position to analyze these considerations and may choose to give greater weight to one factor over others, as long as the decision is reasonable." *Matter of R-A-V-P-*, 27 I&N Dec. at 804-05 (internal quotation marks omitted).

Petitioner asserted at the hearing that he had an avenue to receive a T visa. Petitioner asserts that the immigration judge erred by finding that Petitioner had a speculative form of relief. Petitioner had not yet filed a T visa claim. It appears that immigration judge finding that Petitioner failed to carry his burden to demonstrate a likelihood that his application for relief will be approved, or otherwise assigned less weight to his form of relief. In *Matter of R.A.V.P.,* the BIA concluded that an immigration judge may consider a detainee's immigration status and the likelihood of the application for relief being approved. *Matter of R-A-V-P-,* 27 I. & N. Dec. 803

6

(BIA 2020). The immigration judge did not err or violate due process by giving less weight to Petitioner's proffered form of relief.

Petitioner also asserts that the immigration judge erred by giving less weight to his relationship because he is not married. However, this inquiry was directly connected to one of the *Guerra* factors, namely "the alien's family ties in the United States, and whether they may entitle the alien to reside permanently in the United States in the future[.]" *In re Guerra*, 24 I&N Dec. at 40; *Matter of Dobrotvorskii*, 29 I. & N. Dec. 211, 213 (BIA 2025); *Matter of R-A-V-P-*, 27 I. & N. Dec. 803, 807 (BIA 2020).The BIA concluded that "[t]he existence of a valid, reliable, and credible sponsor is relevant to the determination of flight risk. Although sponsorship is not a flight risk factor specifically enumerated in *Matter of Guerra*, 24 I&N Dec. at 40, evidence of a legitimate sponsor relates directly to whether the alien has a fixed address, which is a flight risk factor enumerated in *Matter of Guerra*, as well as the alien's degree of community ties." *Matter of Dobrotvorskii*, 29 I. & N. Dec. 211, 213–14 (BIA 2025). Here, the immigration judge noted that Petitioner is not married to his partner, and his partner's asylum status was denied. Considering these facts was not erroneous.

Finally, Petitioner asserts that the immigration judge erred by failing to expressly state whether a bond could mitigate his flight risk. In his Motion, Petitioner does not cite to authority that the failure to make such a finding on the record is required, much less violates due process. *See* Doc. 9. Therefore, Petitioner has failed to carry his burden or properly present this issue to the Court.[2] Alternatively, the Court agrees with Respondents that by finding that Petitioner was a flight

---

[2] Petitioner bears the burden of proof of showing that he is entitled to relief or a remedy. *See* 28 U.S.C. § 2241; *see also Espinoza v. Sabol*, 558 F.3d 83, 89 (1st Cir. 2009) ("The burden of proof of showing deprivation of rights leading to unlawful detention [under § 2241] is on the petitioner."); *Skaftouros v. United States*, 667 F.3d 144, 158 (2d Cir. 2011) ("[I]t was error for the District Court to effectively impose on the Government the burden of proving that [petitioner] was

risk and expressly declining to set bond, the immigration judge implicitly and necessarily concluded that no bond could mitigate the flight risk. *See* Doc. 14 at 5 ("So, sir, I'm denying your request for bond.").

In sum, Petitioner has not demonstrated that the immigration judge erred and that any error constituted a due process violation.

## II.    **Petitioner's further due process arguments are not well-taken.**

Petitioner also asserts for the first time that the immigration court system is not an independent adjudicative body, and due process requires that his bond determination be performed by an independent and impartial adjudicator, such as a federal district judge.  Doc. 9 at 9. This appears to be a general claim which could have been asserted in his Petition. But Petitioner did not assert this claim in his Petition, and he did not move under Fed. R. Civ. P. 15(a) to amend his complaint or move under Rule 59 to amend the judgment.  The Court therefore declines to consider this claim. *See Lawmaster v. Ward*, 125 F.3d 1341, 1346 n.2 (10th Cir. 1997) (refusing to consider a claim against the United States not raised in the original complaint) (citing *Charles v. Rice,* 28

---

*not* 'in custody in violation of the Constitution or laws or treaties of the United States' " under § 2241); *see also Smith v. Workman*, 550 F.3d 1258, 1273 (10th Cir. 2008) (noting that, in the context a *Brady* violation, the petitioner "bears the burden of showing that the prosecution suppressed material evidence favorable" to the petitioner).

Petitioner did not cite to authority in his Motion to support this argument, and therefore this issue was therefore not properly argued or presented to the Court. *See United States v. Davis*, 622 F. App'x 758, 759 (10th Cir. 2015) ("[I]t is not this court's duty, after all, to make arguments for a litigant that he has not made for himself."); *Phillips v. Hillcrest Med. Ctr.*, 244 F.3d 790, 800 n.10 (10th Cir. 2001) (observing that a court has no obligation to make arguments or perform research on behalf of litigants) (quoting *Pelfresne v. Village of Williams Bay,* 917 F.2d 1017, 1023 (7th Cir.1990) ("A litigant who fails to press a point by supporting it with pertinent authority, or by showing why it is sound despite a lack of supporting authority or in the face of contrary authority, forfeits the point. [The court] will not do his research for him."). The principle of party presentation is particularly appropriate here, where this district court is overwhelmed with habeas petitions, and petitioners request that the Court rule immediately. If the Court were to act as Petitioner's counsel and make arguments or assert claims on his behalf, it would prejudice other petitioners by delaying a ruling on their petitions.

8

F.3d 1312, 1319 (1st Cir. 1994) (affirming a district court's refusal to consider an issue not raised in the complaint)); *see also Parker v. Scott*, 394 F.3d 1302, 1319–20 (10th Cir. 2005) ("We do not review these claims because [Petitioner] failed to assert them in his district court petition for habeas relief.").

Petitioner also did not demonstrate that the bond hearing was fundamentally unfair. Some courts review whether the bond hearing was fundamentally unfair in violation of the district court's order. *See, e.g., Ghanem v. Warden Essex Cnty. Corr. Facility*, No. 21-1908, 2022 WL 574624, at *2 (3d Cir. Feb. 25, 2022); *see also United States v. Aguirre-Tello,* 353 F.3d 1199, 1207 (10th Cir. 2004). "An alien: (1) is entitled to factfinding based on a record produced before the decisionmaker and disclosed to him or her; (2) must be allowed to make arguments on his or her own behalf; and (3) has the right to an individualized determination of his [or her] interests." *Ghanem,* 2022 WL 574624, at *2. Here, Petitioner has not argued or demonstrated that the bond hearing did not satisfy these criteria. Upon reviewing the transcript, it is clear that the immigration judge made his decision based on the record and arguments made by the parties, that Petitioner's counsel was allowed to argue on Petitioner's behalf, and the immigration judge made an individualized determination.

**III.**     **To the extent the Motion to Enforce is a motion to reconsider, Petitioner has failed to show that setting aside the judgment under Rule 59(e) is appropriate.**

Petitioner briefly asserts that it is fundamentally unfair for the burden to be placed on the Petitioner to show he is not a flight risk or danger to the community. Doc. 9 at 16-17. As explained below, Petitioner failed to assert this claim in his Petition and fails to show that the judgment should be set aside so he can assert this claim for the first time. Even assuming such failure may be excused, his request fails on the merits.

Initially, Petitioner failed to assert in his Petition a due process claim to shift the burden at any bond hearing to Respondents. Although he requested burden-shifting as a remedy, he did not assert a claim requesting such relief or cite to authority supporting such claim. The Court found that he did not sufficiently assert such a claim in his Petition. Doc. 7 at 12. The Court therefore declines to consider this claim. *See Lawmaster v. Ward*, 125 F.3d 1341, 1346 n.2 (10th Cir. 1997) (refusing to consider a claim against the United States not raised in the original complaint) (citing *Charles v. Rice,* 28 F.3d 1312, 1319 (1st Cir. 1994) (affirming a district court's refusal to consider an issue not raised in the complaint)); *see also Parker v. Scott*, 394 F.3d 1302, 1319–20 (10th Cir. 2005) ("We do not review these claims because [Petitioner] failed to assert them in his district court petition for habeas relief.").

Alternatively, if Petitioner's motion is interpreted as a motion to reconsider, it would proceed under Fed. R. Civ. P.  59(e), as it was filed within 28 days of the entry of judgment. "Grounds for granting a Rule 59(e) motion include '(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice.' " *Somerlott v. Cherokee Nation Distributors, Inc.*, 686 F.3d 1144, 1153 (10th Cir. 2012) (quoting in part *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)). However, Rule 59(e) relief is appropriate where "the court has misapprehended the facts, a party's position, or the controlling law." *Barber ex rel. Barber v. Colo. Dep't of Revenue*, 562 F.3d 1222, 1228 (10th Cir. 2009).

However, "[Rule 59(e)] may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008) (internal quotation marks and citation omitted). Additionally, Rule 59 "does not provide a vehicle for a party to undo its own procedural failures,

and it certainly does not allow a party to introduce new evidence or advance arguments that could and should have been presented to the district court prior to the judgment." *Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996); *see also Servants of Paraclete*, 204 F.3d at 1012 (filing a motion pursuant to Rule 59 is not appropriate "to revisit issues already addressed or advance arguments that could have been raised in prior briefing."); *Banister v. Davis*, 590 U.S. 504, 508 (2020) ("[C]ourts will not address new arguments or evidence that the moving party could have raised before the decision issued.").

Petitioner failed to raise the burden-shifting claim in his Petition, and he has not explained why he did not assert that claim in his Petition or explain why he could not do so. On this basis alone, the Rule 59(e) motion fails. *Banister,* 590 U.S. at 508 ("[C]ourts will not address new arguments or evidence that the moving party could have raised before the decision issued."); *Servants of Paraclete*, 204 F.3d at 1012 (filing a motion pursuant to Rule 59 is not appropriate "to revisit issues already addressed or advance arguments that could have been raised in prior briefing."). To be sure, Petitioner summarily requested such relief as a remedy, but did not assert a claim explaining why the failure to shift the burden violates due process and did not cite to authority supporting his request. To determine whether to shift the burden to Respondents, courts often analyze the *Mathews* factors. Here, Petitioner did not raise or analyze the *Mathews* factors in his Petition to determine whether the burden at a bond hearing should be shifted to the Respondents.

Alternatively, Petitioner does not argue clear error or that the Court's ruling violated controlling law. Petitioner did not cite to controlling law requiring the Court to shift the burden at a bond hearing under § 1226(a).

The *Jennings* Court noted that § 1226 does not require the Government to (1) hold periodic bond hearings (2) where it must prove that detention is warranted by clear and convincing evidence. *Jennings,* 583 U.S. at 306. Although *Jennings* only addressed a statutory claim, Petitioner has not explained why the Court should deviate from United States Supreme Court precedent.

Similarly, persuasive cases from courts of appeals suggest that the burden is not placed on the Government at a § 1226(a) bond hearing to show a noncitizen is a flight risk. *See e.g., Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1202-1203 (9th Cir. 2022) (rejecting placing burden on Government at bond hearing under § 1226(a) at a second bond hearing under due process analysis); *Borbot v. Warden Hudson Cnty. Corr. Facility*, 906 F.3d 274, 279 (3d Cir. 2018) (holding that the detainee was not entitled to second bond hearing where government bears the burden of proof under § 1226(a)); *Miranda v. Garland*, 34 F.4th 338, 365–66 (4th Cir. 2022) (applying the *Mathews* test and holding that noncitizens bear the burden of proving by a preponderance of the evidence that they are neither a danger nor flight risk); *see also Johnson v. Arteaga-Martinez*, 596 U.S. 573, 580 (2022) (§ 1231(a)(6) does not require a bond hearing where Government bears the burden of proving by clear and convincing evidence that noncitizen poses a flight risk or danger to the community). Because there is no controlling law mandating shifting the burden to the Respondents at a § 1226(a) bond hearing, the Court's judgment did not violate controlling law and the Court did not commit clear error.

Alternatively, for the reasons the Court stated in *Montero Cordova,* which the Court incorporates herein, the Court declines to order burden-shifting. *Montero Cordova v. Noem*, No. 1:26-CV-00526-KWR-DLM, 2026 WL 867689, at *13 (D.N.M. Mar. 30, 2026).  Petitioner failed

to specifically analyze the *Mathews* factors in his Motion (Doc. 9) to demonstrate that they warrant shifting the burden under a due process standard.[3] Therefore, Petitioner failed to carry his burden.

## CONCLUSION

The Court lacks authority to reconsider the immigration judge's discretionary bond decision.  Alternatively, the immigration judge did not violate the Court's judgment or violate due process.

**IT IS THEREFORE ORDERED** that Petitioner's Motion to Enforce Judgment (Doc. 9) is **DISMISSED WITHOUT PREJUDICE**.  Alternatively, it is **DENIED**.

_____/S/_____

KEA W. RIGGS
UNITED STATES DISTRICT JUDGE

---

[3] Although Petitioner generally analyzed the *Mathews* factors, he did not explain why they warrant shifting the burden.

13